Filed 4/29/22  P. v. Figueira CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094884 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF21631) |
| v. | |
| MICHAEL JOE FIGUEIRA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Joe Figueira has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

BACKGROUND

The People's complaint charged defendant with fleeing a peace officer in a motor vehicle while driving with a willful or wanton disregard for public safety (Veh. Code,

1

§ 2800.2; count I);[1] resisting a peace officer in the discharge of his duties (Pen. Code, § 148, subd. (a)(1); count II); driving a motor vehicle without a valid license (§ 12500, subd. (a); count III); driving a motor vehicle in darkness without using lights (§ 24250; count IV); failing to stop at an intersection with a stop sign (§ 22450, subd. (a); count V); and failing to stop at a red light (§ 21453, subd. (a); count VI). The complaint further alleged as to count one that defendant had suffered a prior strike (Pen. Code, §§ 667, 1170.12) by virtue of his conviction for assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).

On August 4, 2021, defendant resolved this case by pleading no contest to count one and admitting the prior strike. In exchange, he would receive the low term of 16 months, doubled to 32 months because of the prior strike, and the remaining counts would be dismissed. The factual basis for the plea was taken from the pretrial release report, which reflected that defendant was contacted in his parked car by a deputy sheriff. Defendant told the deputy he was on probation, but rather than complying with the deputy's instructions, defendant fled without headlights, at a high rate of speed, ran a red light, and failed to stop at two stop signs. The deputy attempted to follow in his patrol vehicle with its lights flashing, but ultimately lost sight of defendant and ended the pursuit.

On September 3, 2021, the trial court sentenced defendant in accordance with the plea agreement, awarding him credit for 60 actual days plus 60 conduct days for a total 120 days of conduct credit and requiring that he pay a $300 restitution fine (Pen. Code, § 1202.4 subd. (b)), a $300 suspended parole revocation restitution fine (Pen. Code, § 1202.45), a $30 conviction assessment fee (Gov. Code, § 70373), a $40 court

---

[1] Subsequent undesignated statutory references are to the Vehicle Code.

operations fee (Pen. Code, § 1465.8), and a $4 EMS air ambulance fee (Gov. Code, § 76000.10, subd. (c)(1)).

Defendant timely appealed, checking the box challenging matters occurring at sentencing or after his plea that did not affect the validity of the plea. Defendant also completed a request for a certificate of probable cause but did not check the box on the notice of appeal form associated with a challenge of the validity of his plea and his request for a certificate of probable cause was not ruled upon by the trial court.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed, but to date, has not done so. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Consequently, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

_____\\s\\_____,
BLEASE, Acting P. J.

We concur:

_____\\s\\_____,
HULL, J.

_____\\s\\_____,
RENNER, J.